United States District Court
Southern District of Texas
**ENTERED**
June 30, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMMANUEL NOLAZCO RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-05085 |
| | § | |
| RANDY TATE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Emmanuel Nolazco Rodriguez, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention. Doc. No. 1.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

The petition and attached exhibits reflect that Petitioner is a noncitizen who entered the United States without inspection and without lawful status. Doc. No. 1 at 3, 10.

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1 / 3

Petitioner does not plead facts to show that he has been lawfully admitted into the United States.  Because Petitioner entered without inspection and has not obtained lawful status, he is an applicant for admission subject to 8 U.S.C. § 1225(b)(2).  *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026).  Therefore, to the extent he argues that he should receive a bond hearing under 8 U.S.C. § 1226(a) and its implementing regulations, that claim is foreclosed by *Buenrostro-Mendez*.

In addition, Petitioner's Fifth Amendment procedural due process claims fail because the statute mandates detention.  *See Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").  Likewise, Petitioner's substantive due process claim is precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings*, 583 U.S. at 297; *Carlson v. Landon*, 342 U.S. 524, 538 (1952) ("Detention is necessary a part of th[e] deportation procedure."); *Wong Wing v. United States*, 163 U.S. 228, 235 (1896) ("Proceedings to exclude or expel would be vain if those accused could not be held in custody pending the inquiry into their true character, and while arrangements were being made for their deportation.").  Petitioner, who alleges that he has been detained less than one month, does not plead facts that show that he has been detained indefinitely or otherwise show that his detention presently violates the Constitution.

2 / 3

Finally, Petitioner's equal protection claim is unavailing because he does not state facts to show that he falls outside of the statutory definition of an applicant for admission under 8 U.S.C. § 1225(b) as interpreted by the Fifth Circuit in *Buenrostro-Mendez*. Noncitizens who entered legally with a visa and overstayed are distinct from those who entered illegally without inspection. *See Reno v. Flores*, 507 U.S. 292, 306 (1993) (rejecting equal protection claims regarding continued detention brought by alien juveniles who did not have close relatives to serve as guardians because they were distinct from alien juveniles with close relatives available to serve as guardians and different from American juveniles in delinquency proceedings who were citizens). He does not show that the government has violated his equal protection rights by treating him differently from those who entered legally.

Therefore, the Court **ORDERS** as follows:

1. This petition (Doc. No. 1) is **DISMISSED without prejudice**.

2. All other pending motions, if any, are **DENIED as MOOT**.

SIGNED on this ___ 30th ___ day of June 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE